UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NIKOLAS SHANNON,

    Plaintiff,

        v.                               CAUSE NO. 3:21-CV-221-RLM-MGG

HUBBERT, et al.,

    Defendants.

OPINION AND ORDER

Nikolas Shannon, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court must give the complaint liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Shannon, an inmate at Miami Correctional Facility, alleges that he fell down a flight of stairs and hurt his back on March 5, 2020. He claims that Michael Hubbler, an employee of the MCF law library, was assigned to escort him down the

stairs to another area of the prison due to staff shortages caused by the COVID-19 pandemic. He alleges that he is a "heavy guy" and was shackled, and that Mr. Hubbler "seemed to let me just fall" down the stairs, "not having control or enough bearings to properly secure me." He claims that because Mr. Hubbler wasn't actually a correctional officer, he hadn't received proper training on how to escort a shackled inmate down a flight of stairs. Mr. Shannon claims that had Mr. Hubbler used proper procedures, which included having another staff member present on the stairs, his injury wouldn't have occurred.

He further claims that he repeatedly requested medical care after this incident, but wasn't seen by a doctor until May 7, 2020. He also claims that he was denied a shower on May 8, 2020, because he couldn't walk to the showers and prison staff wouldn't bring him a wheelchair as he requested. Based on these events, he sues Mr. Hubbler and "Medical Staff," seeking monetary damages for his pain and suffering.

Prison employees who "expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights." Smith v. Peters, 631 F.3d 418, 421 (7th Cir. 2011). However, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. Hildreth v. Butler, 960 F.3d 420, 425–426 (7th Cir. 2020). Rather, the defendant's "state of mind must rise to the level of deliberate indifference." *Id.* "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from

2

occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Shannon describes an unusual set of events: a library employee was assigned to escort him to another area of the prison due to a staff shortage. He further alleges that this individual didn't have proper training on how to safely escort a shackled inmate down a flight of stairs. At most, the factual content he provides suggests that Mr. Hubbler might have been negligent in performing his temporary duties, but negligence, even gross negligence, does not give rise to an Eighth Amendment claim.[1] Hildreth v. Butler, 960 F.3d at 425–426. Mr. Shannon thinks Mr. Hubbler didn't follow prison procedures, but a violation of prison policy or other state law doesn't give rise to a federal constitutional claim. Wozniak v. Adesida, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."). Furthermore, even if the complaint could be read to allege deliberate indifference by Mr. Hubbler, it can be discerned from the complaint that Mr. Hubbler passed away after these events occurred. Mr. Shannon can't proceed against an individual who is deceased. *See* FED. R. CIV. P. 25(a); IND. CODE § 34-9-3-3(b). He hasn't alleged a viable Eighth Amendment claim based on the fall.

Inmates are also entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim for the

---

[1] Elsewhere in his complaint, Mr. Shannon makes a conclusory allegation that Mr. Hubbler "pushed" him, but this conflicts with his allegations that Mr. Hubbler "seemed to let [him] just fall" due to not having "enough bearings" or "control." He offers no explanation for this apparent discrepancy, nor does he provide any factual content for the court to draw a reasonable inference that Mr. Hubbler acted with deliberate indifference or intentionally. *See* Iqbal v. Twombley, 556 U.S. at 678.

3

denial of medical care, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id*. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019). However, "inexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." Goodloe v. Sood, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

The events Mr. Shannon describes regarding a delay in treatment might trigger Eighth Amendment concerns, but he hasn't alleged a plausible claim, for several reasons. He doesn't explain the nature of his back injury, nor does he allege how (if at all) the two-day delay in treatment further injured him. He doesn't name any responsible individual in connection with this claim, and instead sues "Medical Staff." This is not a person or even a legal entity that can be held liable for constitutional violations. *See* IND. CODE § 36-1-2-10; Sow v. Fortville Police Dept., 636 F.3d 293, 300 (7th Cir. 2011). He mentions the doctor he saw on May 7, 2020, but there's no indication the doctor was the cause of the delay, or that the doctor was

4

otherwise deliberately indifferent in providing care to Mr. Shannon. He alleges that when he saw the doctor, the doctor ordered an x-ray, and it can be discerned from a grievance he attaches that he received "2 shots" for his injuries. His allegations don't state a plausible Eighth Amendment claim. Finally, he mentions having been denied a shower on May 8, 2020, but this type of temporary inconvenience does not amount to the "denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).

This complaint doesn't state a plausible claim for relief. In the interest of justice, the court will allow Mr. Shannon to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim for relief, consistent with the allegations he has already made. See Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **June 11, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on May 12, 2021

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT